UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - -
CANTRELL,

                     Plaintiff,        16-cv-00903 (JGK)

         - v.-                           MEMORANDUM OPINION AND
                                          ORDER
IGIE,

                     Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - -

**JOHN G. KOELTL, District Judge:**

    The defendant, Nelson Igie, has moved to dismiss the Second Amended Complaint filed by the *pro se* plaintiff, Robert Cantrell, for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In a Memorandum Opinion and Order dated December 8, 2016 (Cantrell I), this Court dismissed the plaintiff's Amended Complaint. See Cantrell v. Igie, No. 16-CV-00903 (JGK), 2016 WL 7168220, at *8 (S.D.N.Y. Dec. 8, 2016). The applicable standard of review for a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is set forth in Cantrell I. See id. at *1-2.

    In Cantrell I, this Court granted the motion for summary judgment filed by the Union Defendants, who were terminated from

---

[1] Because the plaintiff is proceeding *pro se*, the Court construes the letter filed on February 2, 2017, see Dkt. 53, and the "response" filed on February 22, 2017, see Dkt. 55, as amendments to the Second Amended Complaint. See Cantrell v. Igie, No. 16-CV-00903 (JGK), 2016 WL 7168220, at *1 n.2 (S.D.N.Y. Dec. 8, 2016).

this action. Id. at *8. This Court also granted the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Igie, but gave the plaintiff the opportunity to replead some of his claims against the defendant. Id.

The allegations in the Second Amended Complaint are accepted as true and construed liberally for the purposes of this motion to dismiss. The allegations in the Second Amended Complaint are substantially similar to those in the Amended Complaint, which are described in greater detail in Cantrell I. See id. at *3-4. Familiarity with Cantrell I is presumed.

The Second Amended Complaint does not cure the flaws in the plaintiff's pleadings.

The plaintiff's claims relate to his allegedly unjustified suspension from work, which the plaintiff's union refused to challenge at an arbitration.[2] SAC at 3, 5. The defendant, who is the plaintiff's work supervisor, allegedly photographed the plaintiff in a way to make it look like the plaintiff was asleep on the job. SAC at 5. The gist of the allegations is that the defendant is part of a conspiracy to frame the plaintiff. SAC at 5.

The plaintiff asserts claims for negligence and entrapment, but those claims were already dismissed with prejudice in

---

[2] Citations to the documents filed by the plaintiff refer to the page numbers of the respective ECF documents.

Cantrell I. See Cantrell, 2016 WL 7168220, at *7-8. To the extent that any of the claims in the Second Amended Complaint are directed against the Union Defendants, those claims were also dismissed with prejudice. Id. at *8.

In Cantrell I, this Court dismissed the plaintiff's claim for "civil rights" --- which the Court also "construed as a claim for retaliation or wrongful termination" --- because the claim was "too conclusory and nonspecific to state a claim for relief" and moreover because it was "not possible to discern the source of the plaintiff's action for a violation of 'civil rights.'" Id. at *7. This Court advised that, "If the plaintiff chooses to reassert his claim for a 'violation of civil rights,' he should include in his amended complaint the statutory source for his claim, and detailed factual allegations to support that claim, as well as any other claim. The plaintiff must also include in the complaint a sufficient basis for the court to have subject matter jurisdiction over any of his claims." Id.

The Second Amended Complaint reiterates that the basis for jurisdiction in this case is simply "civil rights," SAC at 2, which is insufficient to establish subject matter jurisdiction over the action. Moreover, the Second Amended Complaint includes no allegations that could support a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; 42 U.S.C. §

3

1981; or any other source of state or federal law related to civil rights.

In Cantrell I, this Court dismissed the claim for breach of contract because the plaintiff had failed to "identify any contract that [the defendant] breached." Cantrell, 2016 WL 7168220, at *7. The Court advised that if the plaintiff wished to replead the claim, he "must allege the contract that [the defendant] breached, and how [the defendant] breached that contract." Id. at *8.

The Second Amended Complaint realleges the breach of contract claim, claiming that the defendant's actions "neutralized the 'FIRE AT WILL' clause in [the plaintiff's] Security Officer's Handbook." SAC at 5. However, there is no allegation (nor is it plausible) that the Security Officer's Handbook constituted a contract between the plaintiff and defendant Igie. Moreover, there is no plausible inference that the defendant's actions breached the complained-of clause.

The plaintiff asserts a claim for civil conspiracy, but New York law does not recognize an independent tort for civil conspiracy. See Gym Door Repairs, Inc. v. Young Equip. Sales, Inc., 15-cv-4244 (JGK), 2016 WL 4747281, at *26 (S.D.N.Y. 2016). Because the plaintiff has not established an underlying substantive claim, the conspiracy claim fails.

4

Finally, in the absence of an allegation of a federal statute or an allegation of diversity of citizenship, the plaintiff has failed to plead a basis for subject matter jurisdiction in this federal court.

The plaintiff has not asked for leave to replead his claims. In any event, it is clear that further amendment would be futile.

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the defendant's motion to dismiss is **granted and the Second Amended Complaint is dismissed**. The Clerk is directed to enter judgment dismissing this case. The Clerk is also directed to close this case and to close all pending motions.

SO ORDERED.

Dated:   New York, New York
         March 29, 2017

　　　　　　　　　　　　　　　　　　　　　／s／ John G. Koeltl
                                        John G. Koeltl
                                        United States District Judge

5